## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. _____

HOT GIRL WALK LLC,
a Delaware limited liability company,
    Plaintiff,

v.

M&L MIA LLC formerly known as HOT GIRL WALK MIAMI LLC a Florida limited liability company, Monica Villegas, an individual, Lucia Di Tore, an individual.

    Defendants.

## COMPLAINT

Plaintiff, HOT GIRL WALK LLC ("Plaintiff", "Hot Girl Walk" or "HGW"), brings this action against Defendants, M&L MIA LLC (" "M&L MIA"), Monica Villegas and Lucia Di Tore (together referred to as "Defendants") and alleges the following:

## NATURE OF THE CASE

1. This is an action for: (I) federal trademark infringement under 15 U.S.C. §§ 1501, *et seq*. (hereinafter the "Lanham Act"); (II) federal unfair competition and false designation of origin under the Lanham Act; and (III) common law rights.

2. HGW owns the Hot Girl Walk® trademark that forms the basis for this Civil Action. The Hot Girl Walk® trademark and branding has exploded over social media, including but not limited to TikTok, Instagram, Facebook, to name a few. Amelia (Mia) Lind, the founder and creator of the Hot Girl Walk brand originally used the brand on her TikTok account @exactlyliketheothergirls and later filed the trademark application which registered as Federal

U.S. Trademark Registration No. 7037847 ('847 Registration or Hot Girl Walk®).  The '847 Registration was assigned to Plaintiff, HOT GIRL WALK LLC with the assignment recorded at the United States Patent and Trademark Office.

3. Ms. Lind graduated from the University of Southern California Magna Cum Laude with a communication major and minor in business and currently is an Account Executive at a well known software company.  Since as early as 2021 and during Covid, Ms. Lind originated the concept of the HGW and has been providing fitness training and inspirational messaging based on her program that includes, but is not limited to, a four mile outdoor walk where the focus is on three things: being grateful, achievement of personal goals and feeling good about yourself.  The HOT GIRL WALK® trademark completely blew up on social media with CNN reporting there were 616 million views on TikTok.  [https://www.cnn.com/cnn-underscored/home/hot-girl-walk-tiktok-trend.](https://www.cnn.com/cnn-underscored/home/hot-girl-walk-tiktok-trend)  Reaping the benefits of the fitness training on the HGW includes enhanced mental health and cardio strength.

4. Since 2021, Ms. Lind has invested time and money into the HOT GIRL WALK® trademark and brand.  Ms. Lind continues to invest in the brand with others who are part of HOT GIRL WALK LLC. The HOT GIRL WALK® trademark has been part of licenses and sponsorships all around the country and abroad.  In one collaboration, the HOT GIRL WALK® brand partnered with a company that owns a well-known fitness application to run a campaign branded Hot Girl Walk United. The campaign has been a huge success and there are over 14,000 members for this campaign and still growing.  As walking is one of the fastest growing fitness activities for women, and others, the HGW became instantly popular.

5. As outlined in more detail below, without authorization or permission, upon information and belief, Defendants use the HOT GIRL WALK® trademark and brand claiming

2

they were the originators of this trademark related to their organized outdoor walk fitness routines and merchandise they sell. Defendants advertise and utilize the same social media, including TikTok and Instagram that Plaintiff uses. In fact, in one article in STAYFIT305 in September of 2022 in which Defendants were interviewed, the article notes that Ms. Lind's TikTok user name @exactlyliketheothergirls originally used the HGW term in 2021. Thus, it is clear Defendants were well aware of the HGW brand originated by Ms. Lind and are intentionally trading off the good will created by Ms. Lind in the brand.

6. This lawsuit is necessary to stop Defendants from infringing, misusing, and trading on Plaintiff's well-known HOT GIRL WALK® trademark and related use. Defendants are using the HOT GIRL WALK® trademark for outdoor events which are carnival-like, charging fees to attendees of the walks promoting bitcoin and promoting their personal brands for moni and lu, itsmonicavillegas, as a wellness coach, which have no affiliation with Plaintiff. Defendants are also selling apparel under the brand "Hot Girl Walk," which imitates the Hot Girl Walk® created by Plaintiff, in a manner that inevitably will confuse consumers and at the same time tarnishes the Hot Girl Walk® and related brand.

**THE PARTIES**

7. HOT GIRL WALK LLC is a Delaware Limited Liability Company, with an address of 651 N. Broad Street Suite 201, Middleton, Delaware, 19709. Ms. Lind, the originator of the HGW brand, is the President of Hot Girl Walk LLC and has been designing, developing, researching, creating and advertising the HGW brand via fitness walks and inspirational messaging since 2021. Later, clothing has been sold and offered as give-aways at events since early 2023. Hot Girl Walk's HOT GIRL WALK brand is well-known in the United States and abroad, and immediately recognized by consumers as a symbol of celebrating femininity, while not excluding

any other gender. The HGW brand is built on a few important pillars to focus on during the fitness exercise of the four mile outdoor walk, to include being grateful, achievement of personal goals and feeling good about yourself.

8. Defendant M&L MIA LLC is a Florida limited liability Company with its principal place of business located at 4745 NW 84th Ct, Unit 22, Miami Florida, 33166. Previously, M&L MIA LLC was named Hot Girl Walk Miami LLC and the name was changed at the Florida Department of State Division of Corporations in December 2022 to M&L MIA LLC.

9. Upon information and belief, Defendant Monica Villegas is an individual who resides at 4745 NW 84th Court Unit 22, Miami, Florida 33166. Ms. Villegas is a member of the M&L MIA LLC formerly known as Hot Girl Walk Miami LLC who hosts the Hot Girl Walk Miami events.

10. Upon information and belief, Defendant Lucia Di Tore is an individual who resides at 321 NE 26th Street, Miami, FL 33137. Ms. Tore is a member of the M&L MIA LLC formerly known as Hot Girl Walk Miami LLC who hosts the Hot Girl Walk Miami events.

## JURISDICTION AND VENUE

11. Hot Girl Walk's trademark claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, et seq.). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act). This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. § 1332 (diversity).

12. This Court has personal jurisdiction over Defendants because Defendants are located in this district and have purposefully availed itself of the privilege of doing business in this

district. Defendants offer services and sell merchandise to customers in this district. Defendants advertise and promote their infringing services and products to purchasers in Florida and this district through at least their social media accounts, which is accessible to residents of this district.

13.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants are located in this district, infringe Hot Girl Walk's intellectual property in this district, transacts business in this district, and a substantial part of the events giving rise to the claims asserted arose in this district.

## FACTS COMMON TO ALL COUNTS FOR RELIEF

**Hot Girl Walk's History**

14.     Hot Girl Walk was conceived between November of 2020 into early 2021 by Ms. Lind who was at the time a student at the University of Southern California during Covid.  As Covid was a stressful time, on top of many college commitments and working, in addition to many fitness classes being closed during Covid, Ms. Lind devised a fitness plan branded the HGW that involved a four mile outdoor walk.  While walking, the focus is on gratitude (weeding out negative thoughts), thinking positively about goals and plans and to remind yourself of all your accomplishments, thus giving yourself confidence. This HGW brand fitness walk became a training tool for Ms. Lind, her friends and bigger groups.

15.     The first HGW TikTok video was created and posted on January 23, 2021 on the TikTok handle @exactlyliketheothergirls.  In addition to TikTok, the Hot Girl Walk® trademark and brand eventually grew to Instagram and the website www.hotgirlwalk.com , to name a few.

16.     Many domestic and international news stories and articles were written about the HGW crediting Ms. Lind with the conceptualization and branding.

17. Between January 2021 and April 2021, exponentially the Hot Girl Walk® trademark and brand goes viral and now there are over 3 million views of Ms. Lind's first TikTok. This HGW trend has grown fast and continues to grow. Around this time the trademark application was filed which eventually registered as the '847 Registration.

18. Between April 2021 into 2022, the brand continued and continues to grow and HGW has paid sponsorships for the brand from Rael, Skull Candy, Spotify and Schmooze, to name a few.

19. From 2022 into 2023, HGW and the Hot Girl Walk® trademark and related branding continues to be built and grown, including a New York City HGW event held for International Women's Day in connection with Strava. The Strava cobranding event was a campaign to include TikToks and a HGW event in New York City aimed to bring more brand awareness and continue the services as part of the Hot Girl Walk® trademark. The HGW club on Strava has over 14,000 members and is growing.

20. There are other partnerships and co-branding projects which are confidential at this time, but are with very high profile and well-known companies.

21. HGW United has many clubs around the world which engage in a licensing arrangement with Plaintiff. Plaintiff harnesses the local HGW clubs to create and promote the larger organization and provide more fitness training and followers utilizing the HGW philosophy and emphasis on mental and physical well being. One of the first companies that accessed this network was WW International (Weight Watchers) which held HGW events in Las Vegas, Nashville and Austin. Other local clubs work with Plaintiff to create the network and build the HGW community, and some of the HGW community is in cities in Florida.

**Hot Girl Walk's Trademarks**

22. Hot Girl Walk owns registered and common law rights for its well-known HOT GIRL WALK word trademark for clothing and fitness training. Among these are the following U.S. trademark registration, HOT GIRL WALK, Reg. No. 7,037,847, Registered April 25, 2023 for Class 025: Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms and Class 041: Physical fitness training of individuals and groups

23. The registration for the HOT GIRL WALK is in full force and effect.

24. The HOT GIRL WALK trademark is distinctive, arbitrary and fanciful, entitled to the broadest scope of protection, and are registered worldwide.

25. The HOT GIRL WALK® trademark has been used in connection with the Class 41 services since about 2021 and for Class 25, merchandise was offered as give-aways since as early as late January 2023 in connection with a cobranding trip with a company names Too Faced and a group HGW in Orange County, California.

26. Much time and money and extensive efforts have been spent to advertise and promote the goods and services in connection with the HOT GIRL WALK® trademark. HOT GIRL WALK® branded products and services are advertised in a variety of contexts and media, including in print and on the Internet, www.hotgirlwalk.com, TikTok, Instagram and other social media sites, actual HGW events, walks and other promotions. Consumers, accordingly, are exposed to the HOT GIRL WALK® trademark in a wide range of contexts.

27. Hot Girl Walk has offered its HOT GIRL WALK® trademark products and services all over the world, including throughout the United States and Florida. Through its promotion and investment in its brand and extensive HGW events, training on social media, Hot Girl Walk has acquired enormous goodwill in its HOT GIRL WALK® trademark. The HOT GIRL WALK®

trademark is recognized around the world and throughout the United States by consumers as a fitness training tool combined with the main three pillars which a person focuses on during the four mile outdoor walk, all to boost positive mental and physical health.

**Defendants' Infringement of Hot Girl Walk's Rights**

28. In disregard of Hot Girl Walk's rights in the HOT GIRL WALK® trademark – and without authorization from Hot Girl Walk – Defendants have promoted, offered for sale, and sold fitness services and organized outdoor walks under the HOT GIRL WALK® trademark which inevitably will imply to consumers that Hot Girl Walk has endorsed or authorized the Hot Girl Walk Miami Group's wellness services. This mark and the products and services bearing them, are referred to as Defendants' "Infringing Marks."

29. Upon information and belief, examples of Defendants' use of the Infringing Marks follows:

- Defendants have offered HGW walk events in Miami since about July 2022;
- Defendants make multiple posts from HGW Miami Instagram and other social media;
- Defendants make their customers on their walks sign a waiver from their Linktree from Hot Girl Walk Miami LLC
- Defendants sell tickets to some of their HGW events, including the July 15, 2023 upcoming walk event.
- Defendants promote their HGW events through sponsors who in turn promote events on the third party Instagram
- Defendants have been interviewed in articles which give credit to Ms. Lind's TikTok handle as the originator of the HGW

30. Given the exact similarities in the HGW use, in appearance and pronunciation, a consumer would likely be confused as to the sponsorship and/or affiliation between the Plaintiff's and Defendants' services and products.

31. Given that Defendants' use of the HOT GIRL WALK® trademark is likely to cause confusion, Ms. Lind on behalf of Plaintiff reached out to Defendants, but Defendants ignored Ms. Lind's attempt to create a dialogue and/or try to work together as part of the Hot Girl Walk United program.

32. As of the date of this filing of this Action, Defendants have not responded to any requests by Ms. Lind to engage in a dialogue as to Defendants' use of the HOT GIRL WALK® trademark.

33. Defendants' use of the HOT GIRL WALK® trademark is likely to cause confusion, mistake, and/or deception as to the source or origin of Defendant's goods and services because: 1) the HOT GIRL WALK® trademark is strong, famous, well-known and entitled to a broad scope of protection; 2) both Defendants and Plaintiff advertise in similar types of media; and 3) HOT GIRL WALK and Defendants' HOT GIRL WALK MIAMI are identical both visually and phonetically.

34. Defendants are not affiliated or connected with or endorsed or sponsored by Plaintiff, nor has Plaintiff approved any of the goods or services offered or sold or intended to be sold by Defendants.

35. Defendant Monica Villegas use of the HOT GIRL WALK® trademark has bestowed an improper personal benefit to Ms. Villegas, in addition to acting in conscious disregard of the Defendant M&L MIA LLC's best interests in engaging in the willful trademark infringement and unfair competition violations.

36. Defendant Lucia Di Tore's use of the HOT GIRL WALK® trademark has bestowed an improper personal benefit to Ms. Tore, in addition to acting in conscious disregard of the

Defendant M&L MIA LLC's best interests in engaging in the willful trademark infringement and unfair competition violations.

### FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Federal Trademark Infringement – 15 U.S.C. §§ 1114-1117)

37. Hot Girl Walk realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 36 of this Complaint.

38. Defendants have used, in connection with the sale, offering for sale, distribution, or advertising of its products and services bearing the Infringing Marks, words and symbols that infringe upon the HOT GIRL WALK® trademark.

39. These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114. Defendants' willfulness is displayed not only in the infringements, but in its decisions to persist in infringements after receiving notice and communication from Ms. Lind, the President of HGW and creator of the Hot Girl Walk® trademark and brand.

40. As a direct and proximate result of Defendants' conduct, Hot Girl Walk is entitled to recover up to treble the amount of Defendants' unlawful profits and Hot Girl Walk's damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

41. Hot Girl Walk is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendants to stop use of the Infringing Marks, and any other mark or design similar to the HOT GIRL WALK® trademark.

### SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Federal Unfair Competition and False Designation of Origin – 15 U.S.C. § 1125(a))

42. Hot Girl Walk realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 36 of this Complaint.

43. Defendants' conduct as alleged in this Complaint constitutes the use of symbols or devices tending falsely to describe the infringing products and services, within the meaning of 15 U.S.C. § 1125(a)(1). Defendants' conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of the infringing products and services to the detriment of Hot Girl Walk and in violation of 15 U.S.C. § 1125(a)(1).

44. As a direct and proximate result of Defendants' conduct, Hot Girl Walk is entitled to recover up to treble the amount of Defendants' unlawful profits and Hot Girl Walk's damages, and an award of attorneys' fees under 15 U.S.C. § 1117(a).

45. Hot Girl Walk is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendants to stop use of the Infringing Marks, and any other mark or design similar to the HOT GIRL WALK® trademark.

## THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Common Law Infringement and Unfair Competition)

46. Hot Girl Walk realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 36 of this Complaint.

47. Hot Girl Walk owns valid and protectable rights in its HOT GIRL WALK® trademark at common law.

48. Defendant's conduct is likely to cause confusion, to cause mistake, or to deceive as to the source of goods and services offered by Defendants, or as to affiliation, connection, association, sponsorship, or approval of such goods and services, and constitutes infringement of Hot Girl Walk's the HOT GIRL WALK® trademark at common law.

49. Defendants infringed Hot Girl Walk's the HOT GIRL WALK® trademark with knowledge and intent to cause confusion, mistake, or deception.

50. As a direct and proximate result of Defendants' activities, Hot Girl Walk has suffered substantial damage.

51. Unless restrained and enjoined, the conduct of Defendants will further impair the value of the HOT GIRL WALK® trademark and Hot Girl Walk's business reputation and goodwill. Hot Girl Walk has no adequate remedy at law.

52. Hot Girl Walk is entitled to monetary damages and injunctive relief prohibiting Defendants from using the Infringing Marks, and any other mark or design similar to the HOT GIRL WALK® trademark.

53. Without injunctive relief, Hot Girl Walk has no means by which to control the continuing injury to its reputation and goodwill or that of its HOT GIRL WALK® trademark. Hot Girl Walk has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Hot Girl Walk if it loses the ability to control its marks.

54. Because Defendants actions have been committed willfully, maliciously, and intentionally, Hot Girl Walk is entitled to recover reasonable attorneys' fees and compensatory and punitive damages.

## **PRAYER FOR JUDGMENT**

WHEREFORE, Hot Girl Walk prays that this Court grant it the following relief:

1. Adjudge that Defendants have infringed the HOT GIRL WALK® trademark in violation of Hot Girl Walk's rights under 15 U.S.C. § 1114;

2. Adjudge that Defendants have competed unfairly with Hot Girl Walk in violation of Hot Girl Walk's rights under 15 U.S.C. § 1125(a);

3. Adjudge that Defendants have infringed Hot Girl Walk's common law rights in the HOT GIRL WALK® trademark.

4. Adjudge that Defendants and their agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

    a. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble the HOT GIRL WALK® trademark as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Hot Girl Walk, including, without limitation, any product or service that bears the Infringing Marks, or any other approximation of Hot Girl Walk's trademarks;

    b. Using any word, term, name, symbol, device, or combination that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendants or its products with Hot Girl Walk, or as to the origin of Defendants' goods and services, or any false designation of origin, false or misleading description or representation of fact;

    c. Further infringing the rights of Hot Girl Walk in and to its HOT GIRL WALK® trademark or otherwise damaging Hot Girl Walk's goodwill or business reputation;

    d. Otherwise competing unfairly with Hot Girl Walk in any manner; and

    e. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

5. Adjudge that Defendants are prohibited from applying to register any other trademark or service mark which is likely to be confused with Hot Girl Walk's HOT GIRL WALK® trademark.

6. Adjudge that Defendants be required immediately to supply Hot Girl Walk's counsel with a complete list of individuals and entities from whom or which it purchased, and to whom or which it sold, offered for sale, distributed, advertised or promoted, infringing products or services and services as alleged in this Complaint;

7. Adjudge that Defendants be required immediately to deliver to Hot Girl Walk's counsel its entire inventory of infringing products, including without limitation, patches and any other products, packaging, labeling, advertising and promotional material, and all plates, patterns, molds, matrices, files, data, and other material for producing or printing such items, that are in its possession or subject to its control and that infringe Hot Girl Walk's trademarks as alleged in this Complaint;

8. Adjudge that Defendants, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Hot Girl Walk's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

9. Adjudge that Hot Girl Walk recover from Defendants its damages and lost profits, and Defendants' profits in an amount to be proven at trial;

10. Adjudge that Defendants be required to account for any profits that are attributable to its illegal acts, and that Hot Girl Walk be awarded (1) Defendants' profits and (2) all damages sustained by Hot Girl Walk, under 15 U.S.C. § 1117, plus prejudgment interest;

11. Adjudge that the amounts awarded to Hot Girl Walk pursuant to 15 U.S.C. § 1117 shall be trebled;

12. Order an accounting of and impose a constructive trust on all of Defendants' funds and assets that arise out of its infringing activities;

13. Adjudge that Hot Girl Walk be awarded its costs and disbursements incurred in connection with this action, including Hot Girl Walk's reasonable attorneys' fees and investigative expenses; and

14. Adjudge that all such other relief be awarded to Hot Girl Walk as this Court deems just and proper.

Plaintiff requests a trial by jury.

>Respectfully submitted,
>
>DICKINSON WRIGHT PLLC
>*Attorneys for Plaintiff*
>350 East Las Olas Boulevard, Suite 1750
>Fort Lauderdale, Florida 33301
>Direct:  954.991-5444
>Office:  954.991-5420
>
>**BY**: /s/ Catherine F. Hoffman
>Catherine F. Hoffman
>Florida Bar No. 828459
>E-Mail: choffman@dickinsonwright.com